[Civ. No. 19283. Second Dist., Div. Two. Feb. 18, 1953.]

MOSS CONSTRUCTION COMPANY (a Corporation), Appellant, v. CHARLES R. WULFFSOHN et al., Respondents.

Kaufman & Leland for Appellant.

Gordon Stater and Edmund I. Read for Respondents.

MOORE, P. J.—Moss Construction Company, a corporation, sued to recover the sum of $6,085 allegedly due under the terms of its building contract with defendants. It demanded also attorney's fees in the sum of $1,500 and the foreclosure of its mechanic's lien. Defendants denied the indebtedness in any amount and by way of counterclaim sought $4,842.50 as damages for alleged faulty construction and delay in completion of the building. They, also, demanded a reasonable sum as attorney's fees.

The court made its finding that plaintiff was entitled to recover $4,054.29 on its complaint, that defendants were entitled to an offset of $1,400 on their counterclaim and that therefore plaintiff was entitled to a net judgment in its favor of $2,654.29. The court further adjudged that "each party . . . is entitled to $1,000 attorney's fees."

On this appeal each party contends that the trial court erred in awarding attorney's fees to the other.

The basis for the award of attorney's fees is found in section 1032 (subd. a) of the Code of Civil Procedure and in paragraph 17 of the building contract executed by the parties. It is there provided that "should either party hereto bring suit in court to enforce the terms hereof, any judgment awarded shall include court costs and reasonable attorney's fees to the successful party." Thus the sole ques-

tion for decision is whether both parties were the "successful party" or whether only one was successful and if so which of the two? The trial court found that since plaintiff was "successful" in establishing its cause of action as set forth in the complaint and that since defendants were "successful" in recovering pursuant to their counterclaim, both were entitled to counsel fees. Such determination, however, is not binding on this court. ██ Inasmuch as the interpretation to be given the building contract is determined as a matter of law solely from the instrument itself, this court is free to adopt its own construction. (*Texas Co.* v. *Todd,* 19 Cal.App.2d 174, 185 [64 P.2d 1180].)

██ Under the pleadings and findings the award to plaintiff makes it the victor in the contest. Defendants denied owing any sum whatever to plaintiff and sought by way of counterclaim to recover certain damages. Hence, by all rules of logic when at the conclusion of the trial it was determined that plaintiff was entitled to $2,654.29 after allowing defendants a partial offset, it became necessarily the "successful party" within the meaning of that term as used in the contract.

Not only do logic and reason dictate such a conclusion, but analogous authority points to the same result. It is well established that generally there can be only one final judgment in an action and although a cross-complaint has been filed and matters therein stated are put to issue it is not such a pleading that requires, or permits the rendition of two separate judgments. (*Nicholson* v. *Henderson,* 25 Cal. 2d 375, 381 [153 P.2d 945]; *Sjoberg* v. *Hastorf,* 33 Cal.2d 116, 118 [199 P.2d 668].) Hence, there could have been only one judgment entered herein and that was and is the net judgment rendered in favor of plaintiff. ██ Where such is the case it has uniformly been held that the party awarded the *net* judgment is the prevailing litigant and thus the *successful party.* (*Dobbins* v. *Horsfall,* 58 Cal.App.2d 23, 27 [136 P.2d 35]; *Shelley* v. *Hart,* 112 Cal.App. 231, 243 [297 P. 82].) It follows that since defendants were neither "successful" nor "awarded judgment" the allowance to them of attorney's fees was erroneous and that counsel fees and costs should have been awarded to plaintiff pursuant to the terms of the contract. In a contest such as this, after a cross-action has been filed and the court has found that all or a part of the counterclaim is payable to the defendant and is consequently offset against the award

of plaintiff, the parties are then in the same position they would occupy had they agreed to the net indebtedness of defendants prior to the filing of the action. In the latter situation there could be no doubt that plaintiff would be the successful party and defendants would be the losing party. Therefore, defendants are entitled to no attorney's fees. (*Dobbins* v. *Horsfall, supra*; see *Murphy* v. *F. D. Cornell Co.*, 110 Cal.App. 452, 454 [294 P. 490].)

In view of the foregoing, it is necessary to remove from the decision the finding (IX) that defendants are entitled to recover attorney's fees in the sum of $1,000 and so to modify conclusion 1 and the judgment as to give plaintiff the benefit of its recovery. ■ The trial court having adjudged plaintiff's award to be less than the maximum jurisdictional amount ($3,000) of the municipal court, judgment for costs was properly denied. But inasmuch as the judgment of this court grants plaintiff the sum of $3,654.29, the judgment should be so modified as to require the payment of costs of plaintiff by defendants. (See *Holm* v. *Davis*, 8 Cal.App.2d 328, 330 [47 P.2d 537].)

It is therefore ordered that finding IX and conclusion 1 be and they are hereby stricken, and in lieu of such conclusion the following be inserted:

That plaintiff is entitled to recover from defendants, *in solido,* the sum of $4,054.29 as the balance due on the contract, less the sum of $1,400 due by plaintiff to defendants as damages, or the net sum of $2,654.29 and in addition thereto the sum of $1,000 as attorney's fee or the total sum of $3,654.29.

It is further ordered that from paragraph 2 of the conclusions the figures $2,654.29 be stricken and in lieu thereof the sum $3,654.29 be substituted and that the latter sum be inserted in the judgment in all places instead of $2,654.29.

It is ordered that plaintiff recover its costs which are hereby taxed in the sum of $———.

As thus modified, the judgment is affirmed, plaintiff to recover all costs on appeal.

McComb, J., and Fox, J., concurred.