Herbert O. TRAYNER, an individual, and Trayner Investments Corporation, a Utah corporation, Plaintiffs and Respondents,

v.

Robert CUSHING, an individual, Defendant and Appellant.

No. 18732.

Supreme Court of Utah.

Sept. 7, 1984.

Brant H. Wall, Salt Lake City, for defendant and appellant.

James A. Boevers, Gordon Strachan, Salt Lake City, for plaintiffs and respondents.

PER CURIAM:

Plaintiffs sued on a contract under which they constructed and sold a single family dwelling to defendant. The contract of sale was written on a standard form earnest money agreement and offer to purchase, but it was modified by oral agreement that "extras" would be provided as requested by defendant and charged at the contractor's (plaintiffs) cost. The house was completed and the sale closed. At the closing, the price agreed under the written contract was paid. The parties could not agree with respect to the price of the extras, however, and that amount was not paid.

Plaintiffs brought action, claiming $9,130.77 for the extras and, in addition, claiming that the $2,500 earnest money was never paid, though they had acknowledged receipt of that amount by signing the earnest money receipt and again by signing the closing statements.

Defendant answered, alleging that plaintiffs had overcharged him in his claim for the extras, but admitting that he owed plaintiffs $2,990. He denied that the earnest money had not been paid, and he counterclaimed for $2,250 for repairs due to faulty workmanship on the part of plaintiffs.

The trial court, sitting without a jury, found that plaintiffs had not carried their burden of proving that the earnest money had not been paid and denied judgment for that amount. The court further found that plaintiffs had overcharged defendant for the extra work by charging the retail price of electrical fixtures unreduced by the contractor's discounts and by failing to give defendant credit for returned items. In addition, the court granted defendant damages for repairs necessitated by faulty workmanship on the part of plaintiffs.

The net judgment after credits and offsets was in favor of plaintiffs in the amount of $6,326.88. The court also awarded attorney fees of $2,500 to plaintiffs. Defendant challenges only the award of attorney fees on appeal.

The written earnest money agreement and offer to purchase, signed by both parties, provides:

> We do hereby agree to carry out and fulfill the terms specified above .... If either party fails to do so, he agrees to pay all expenses of enforcing this agreement, or any right arising out of breach thereof, including attorney's fees.

Defendant first contends that this provision of the written agreement does not apply to the oral amendment of the contract. He reasons that because plaintiffs recovered judgment only for the extras provided by the oral contract, they were not entitled to an award of attorney fees under our rule that such fees are awarded only if there is a contractual or statutory liability therefor.[1]

Defendant raises this point for the first time on appeal. He did not present to the trial court the question of whether the oral agreement was a separate contract or a modification of the written agreement. In fact, the case was tried by both parties upon the assumption that the oral agreement was a modification of the written agreement and was therefore a part of it. Issues not presented to the trial court for decision are not reviewable by this Court,[2] and we express no opinion on the issue.

Secondly, defendant contends that he, rather than plaintiffs, is entitled to an award of attorney fees under the theories: (1) that plaintiffs breached the contract by charging retail price for some items rather than contractor's cost, as agreed; and (2) that defendant was the "prevailing party" in the action, because he won a greater percentage of his counterclaim than plaintiffs won on their complaint when the judgment is reduced by the amount defendant admitted was owing for the extras.

1. *Stubbs v. Hemmert,* Utah, 567 P.2d 168 (1977); *Walker v. Sandwick,* Utah, 548 P.2d 1273 (1976).

2. *Nelson v. Newman,* Utah, 583 P.2d 601 (1978).

Where the parties have agreed by contract to the payment of attorney fees, the court may award reasonable fees in accordance with the terms of the parties' agreement.[3] The amount to be awarded is largely within the sound discretion of the trial court,[4] but such factors should be considered as the relationship of the fee to the amount recovered, the novelty and difficulty of the issues involved, the overall result achieved and the necessity of initiating a lawsuit to vindicate rights under the contract.[5] In addition, a party is entitled only to those fees attributable to the successful vindication of contractual rights within the terms of their agreement.[6]

Counsel for both parties cite and discuss cases awarding attorney fees to the "prevailing party" or to the party "not in default." Neither of these phrases was used in the agreement before us. These parties have agreed instead to the payment of attorney fees in an action brought to "enforce" the agreement "or any right arising out of breach thereof." The question before the trial court was: which party "enforced" the agreement against the other? Each of these parties had rights under the agreement that were denied him by the other. Each was required to take legal action to enforce the agreement in one or more particulars. Each was successful on one or more points and unsuccessful on others. Each was therefore entitled to an award of attorney fees for successfully enforcing the agreement against the other.

At trial, defendant suggested that both parties might be entitled to attorney fees, depending upon the court's resolution of the issues, but the judge stated he was of the opinion that fees should go only to the prevailing party. The court therefore awarded fees only to plaintiffs since the net judgment was in their favor. The court was in error in making this award, both in failing to recognize that some part of the time charged by plaintiffs' attorney was spent in defending the counterclaim on which he was not successful and in failing to award defendant any fees for enforcing his rights under the contract.

The award of attorney fees is reversed, and this case is remanded to the district court for further proceedings not inconsistent with this opinion. Costs to defendant.[7]

ZIMMERMAN, J., does not participate herein.

---

3. *Turtle Management, Inc. v. Haggis Management,* Utah, 645 P.2d 667 (1982).

4. *Id.*

5. *Id.*

6. *See, e.g., Stubbs v. Hemmert, supra* n. 1, where plaintiff was allowed fees only for time his attorney spent in foreclosure of a note and mortgage and not for the defense of a counterclaim on which cause of action no agreement for payment of attorney fees had been made, and *Paul Mueller Co. v. Cache Valley Dairy Assoc.,* Utah, 657 P.2d 1279 (1982), where this Court affirmed an award to defendant for fees attributable to time spent in defense of plaintiff's complaint, but agreed with the trial court that defendant was not entitled to fees attributable to pursuing a counterclaim on which he was not successful.

7. No award of attorney fees for prosecuting or defending this appeal is made since defendant, the successful party on appeal, has not requested such an award. *See Management Services v. Development Assoc.,* Utah, 617 P.2d 406 (1980), in which this Court held that attorney fees on appeal may be awarded where there is a contractual obligation therefor.