**H. LeRoy COBABE, Lewis R. Canfield, and St. George Toyota, Inc., Plaintiffs and Respondents,**

**v.**

**B. Glen CRAWFORD, Paula Crawford, and Crawford Investment Company, a Utah limited partnership, Defendants and Appellants.**

**No. 880567–CA.**

Court of Appeals of Utah.

Sept. 20, 1989.

Michael D. Hughes, St. George, for defendants and appellants.

James E. Slemboski, St. George, for plaintiffs and respondents.

Before BENCH, BILLINGS and ORME, JJ.

BENCH, Judge:

Defendants appeal the denial of attorney fees in a breach of contract action voluntarily dismissed with prejudice. We reverse the denial of attorney fees and remand for a reasonable award.

This appeal stems from the sale of a Toyota dealership in St. George, Utah, on January 24, 1985, by defendants B. Glen Crawford, Paula Crawford, and Crawford Investment Company. The buyers, plaintiffs H. LeRoy Cobabe and Lewis R. Canfield, brought suit eleven months after the sale, claiming that defendants breached a noncompetition clause in their written sales contract. After two and one-half years of litigation, plaintiffs informed the court that they were financially unable to prosecute the action and filed a motion to dismiss.

Defendants did not object to the dismissal, but acquiesced in it only if they were awarded attorney fees incurred in defending the suit. Defendants had claimed attorney fees in their answer to plaintiffs' complaint, relying on the following clause in the sales contract:

In the event of any litigation between the parties hereto to enforce any provision or rights hereunder, the unsuccessful party to such litigation shall pay to the successful party therein all costs and expences [sic] expressly including, but not limited to, reasonable attorneys' fees and court costs incurred herein by such successful party, which costs, expenses and attorneys fees and court costs [are] incurred by such party in or in connection with such litigation.

Although plaintiffs did not specify whether dismissal was to be with or without prejudice, at some point, the parties apparently agreed to a dismissal with prejudice. The district court, after hearing argument, found that the contractual clause awarding costs and fees to the "successful party" should not be enforced since neither party had "prevailed" in the action.[1] The

---

1. For the purposes of our analysis, we will consider the terms "successful party" and "prevail-ing party" to be synonymous. *See Beneficial*

court thereupon dismissed the case with prejudice and ordered each party to bear its own costs and attorney fees. Defendants appeal the denial of their attorney fees.

 Utah follows the "American rule" with regard to awards of attorney fees. Note, *Attorney's Fees in Utah,* 1984 Utah L.Rev. 533, 534. This general rule requires each party to bear his or her own attorney fees in the absence of a statute or enforceable contractual provision to the contrary. *Id.* at 533; *Dixie State Bank v. Bracken,* 764 P.2d 985, 988 (Utah 1988); *Maughan v. Maughan,* 770 P.2d 156, 161 (Utah Ct.App. 1989). If a contract provides for an award of attorney fees, "the court may award reasonable fees in accordance with the terms of the parties' agreement." *Trayner v. Cushing,* 688 P.2d 856, 858 (Utah 1984) (per curiam); *see also Dixie State Bank,* 764 P.2d at 988; *Turtle Management, Inc. v. Haggis Management, Inc.,* 645 P.2d 667, 671 (Utah 1982); *Mountain States Broadcasting Co. v. Neale,* 776 P.2d 643, 648 (Utah Ct.App.1989), *reh'g denied,* 113 Utah Adv.Rep. 41 (Ct.App.1989). The amount of fees to be awarded is "largely within the sound discretion of the trial court." *Trayner,* 688 P.2d at 858.

 In this case, defendants rely on a provision of the sales contract which awards attorney fees to the "successful party" in connection with litigation to enforce any provision or rights under the contract. Defendants argue that since the lawsuit was dismissed with prejudice, they are the "successful party" and are entitled as a matter of law to their attorney fees. Plaintiffs, on the other hand, contend that

regardless of the trial court's determination of the prevailing party, the court can exercise its discretion to make no award of fees.[2] Neither party contests the trial court's finding that they had agreed to dismiss the case with prejudice. *Cf. Murray First Thrift & Loan Co. v. Benson,* 563 P.2d 185 (Utah 1977) (dismissal opposed). Nor do the parties dispute the enforceability of the underlying sales contract or the contractual provision regarding attorney fees.

We begin our analysis with the premise that "[p]rovisions in written contracts providing for payment of attorney fees should ordinarily be honored by the courts." *Stacey Properties v. Wixen,* 766 P.2d 1080, 1085 (Utah Ct.App.1988) (quoting *Soffe v. Ridd,* 659 P.2d 1082, 1085 (Utah 1983)). "Furthermore, contrary to [the] contention that attorneys fees should be determined on the basis of an equitable standard, attorneys fees, when awarded as allowed by law, are awarded as a matter of legal right." *Cabrera v. Cottrell,* 694 P.2d 622, 625 (Utah 1985). "Since the right is contractual, the court does not possess the same equitable discretion to deny attorney's fees that it has when fashioning equitable remedies, or applying a statute which allows the discretionary award of such fees." *Spinks v. Chevron Oil Co.,* 507 F.2d 216, 226 (5th Cir.1975).[3]

Since defendants are entitled to reasonable attorney fees under the contract if "successful," we need only decide whether the trial court erred in determining that there was no prevailing party under its dismissal with prejudice. Although our research did not reveal any Utah cases on

*Standard Properties, Inc. v. Scharps,* 67 Cal. App.3d 227, 136 Cal.Rptr. 549, 552 n. 2 (1977).

**2.** Plaintiffs contend that Utah Code Ann. § 78–27–56.5 (1987) establishes a discretionary standard for the award of attorney fees in this case. Section 78–27–56.5 provides that a court may award attorney fees to either party prevailing in an action based on a written contract where the writing permits at least one party to recover such fees. We have no occasion to discuss the merits of plaintiffs' argument, however, because this statutory provision, by its terms, does not apply to written contracts executed before April 29, 1986.

**3.** Courts have, in extraordinary situations, declined to award attorney fees to a prevailing party in spite of an enforceable contractual provision. *See, e.g., Fullmer v. Blood,* 546 P.2d 606, 610 (Utah 1976) (forfeiture invoked); *Cable Marine, Inc. v. M/V Trust Me II,* 632 F.2d 1344 (5th Cir.1980) (refusal of two generous offers of settlement); *United States v. Mountain States Constr. Co.,* 588 F.2d 259 (9th Cir.1978) (both parties acted improperly); *see generally* Annotation, *When May Federal Court Decline to Award to Prevailing Party Attorneys' Fees Authorized by Contract,* 56 A.L.R. Fed. 871 (1982). This appeal does not present such extraordinary circumstances.

point, other jurisdictions have held that "a dismissal with prejudice gives the defendant the full relief to which he [or she] is legally entitled and is *tantamount to a judgment on the merits." Schwarz v. Folloder,* 767 F.2d 125, 130 (5th Cir.1985) (emphasis added); *see also Smoot v. Fox,* 340 F.2d 301, 303 (6th Cir.1964); *Sheridan v. Fox,* 531 F.Supp. 151, 154–55 (E.D.Pa. 1982); *Lawrence v. Fuld,* 32 F.R.D. 329, 331 (D.Md.1963). Since "[a]n adjudication in favor of the defendants, by court or jury, can rise no higher than this," *Smoot,* 340 F.2d at 303, the defendant is the prevailing party where plaintiff's complaint is dismissed with prejudice. *Schwarz,* 767 F.2d at 130. *Contra Mobile Power Enters., Inc. v. Power Vac, Inc.,* 496 F.2d 1311, 1312 (10th Cir.1974). Plaintiffs are, therefore, liable for the attorney fees of defendants as successful parties. *See Western Stud Welding, Inc. v. Omark Indus., Inc.,* 43 Wash.App. 293, 716 P.2d 959 (1986); *cf. Smoot v. Fox,* 353 F.2d 830 (6th Cir.1965), *cert. denied,* 384 U.S. 909, 86 S.Ct. 1342, 16 L.Ed.2d 361 (1966) (in the absence of a statutory or contractual provision, attorney fees are improper where dismissal is with prejudice).

Defendants are also entitled to their attorney fees incurred in this appeal since we interpret the contractual provision allowing attorney fees "in connection with litigation" to include appeals. *See Trayner,* 688 P.2d at 858 n. 7; *Jenkins v. Bailey,* 676 P.2d 391, 393 (Utah 1984); *Management Servs. Corp. v. Development Assocs.,* 617 P.2d 406, 409 (Utah 1980); *Estate of Schmidt v. Downs,* 775 P.2d 427, 431 (Ct.App.1989); *G.G.A., Inc. v. Leventis,* 773 P.2d 841, 846–47 (Utah Ct.App.1989).

In summary, the denial of defendants' attorney fees is reversed and the case is remanded to the district court with instructions to determine and award to defendants their reasonable attorney fees, including those incurred in this appeal.

BILLINGS and ORME, JJ., concur.