2010 UT App 353

Thomas W. OLSEN and Nancy Olsen,
Plaintiffs and Appellees,

v.

Neil LUND and Susan Lund, Defendants
and Appellants.

No. 20090700–CA.

Court of Appeals of Utah.

Dec. 9, 2010.

J. Steven Newton, Sandy, for Appellants.

Thomas W. Olsen and Nancy Olsen, Murray, Appellees Pro Se.

Before Judges THORNE, VOROS, and ROTH.

OPINION

VOROS, Judge:

¶ 1 The question on appeal is whether this contract dispute ended in a "draw" at trial or whether one party prevailed for purposes of

an attorney fee provision. Plaintiffs Thomas W. and Nancy Olsen (Buyers) bought a house from Defendants Neil and Susan Lund (Sellers). Buyers sued Sellers, alleging fifteen breaches of the Real Estate Purchase Contract (REPC). At trial, Buyers recovered $754.77 on claims totaling $23,831.98, slightly over 3% of the amount sought. The trial court denied attorney fees to both parties. We reverse and remand for the trial court to award reasonable attorney fees to Sellers as the prevailing parties.

## BACKGROUND

¶ 2 Buyers purchased a home from Sellers in June 2005. Disputes arose about the condition of the property, including claims related to leaky faucets, a missing microwave tray, broken sprinklers, a missing garage door opener, and missing home theater components. The parties were unable to resolve these disputes, and Buyers sued, alleging fifteen breaches of the REPC. Before answering Buyers' complaint, Sellers offered to pay all of Buyers' attorney fees to that point if Buyers would dismiss the case and refile in small claims court. Buyers rejected the offer. After filing their answer in district court, Sellers made an offer of judgment of $5,000 under rule 68 of the Utah Rules of Civil Procedure, see Utah R. Civ. P. 68.[1] Buyers rejected this offer also.

¶ 3 Twenty months of discovery and pretrial litigation culminated in a three-and-a-half-day bench trial. The trial court denied any recovery on the following claims: $487.77 for satellite receivers; $25.32 for an attachment set for the central vacuum cleaner; $40.81 for a hose sock for the central vacuum cleaner; $45 for a missing garage remote; $300 for a mirror that was not left affixed to the wall; $45 for repairs to the dishwasher; $1,458.92 for a new refrigerator; $600 in damages due to food spoiling while the refrigerator was not operational; $4,825 in repairs to the house; $2,500 for components missing from a home theater system; and $12,000 for a surround sound home audio system. Buyers also claimed $35.16 for a missing microwave tray, but this claim was dropped at trial. The trial court awarded damages on two of Buyers' claims: $359.77 on Buyers' claim of $1,074 for a replacement set of vacuum hoses, and $395 on Buyers' claim of $395 for repairs to the sprinkler system. In total, Buyers recovered $754.77 on claims totaling $23,831.98, slightly over 3% of the amount claimed.

¶ 4 The REPC mandated that "the prevailing party shall be entitled to costs and reasonable attorney fees." The trial court determined that neither party prevailed and therefore awarded no attorney fees. Claiming to have prevailed at trial, Sellers appeal the denial of attorney fees.

## ISSUE AND STANDARD OF REVIEW

¶ 5 The question on appeal is whether Sellers, having defeated 97% of Buyers' claims at trial while not pursuing a claim of their own, are the prevailing parties for purposes of a contractual attorney fee provision. "Which party is the prevailing party ... depends, to a large measure, on the context of each case, and, therefore, it is appropriate to leave this determination to the sound discretion of the trial court. We therefore review the trial court's determination ... under an abuse of discretion standard." *R.T. Nielson Co. v. Cook*, 2002 UT 11, ¶ 25, 40 P.3d 1119.

## ANALYSIS

¶ 6 With exceptions inapplicable here, see, e.g., *Doctors' Co. v. Drezga*, 2009 UT 60, ¶ 32, 218 P.3d 598, "[a]ttorney fees are awardable only if provided for by statute or contract and, if by contract, only as the contract allows by its terms." *Mountain States Broad. Co. v. Neale*, 783 P.2d 551, 555 (Utah Ct.App.1989) (mem. decision on petition for reh'g). Generally, only the prevailing or successful party is entitled to an

1. Under rule 68 of the Utah Rules of Civil Procedure, a party may offer settlement to the opposing party. See Utah R. Civ. P. 68. If the offeree rejects the offer and the adjusted award turns out to be less favorable than the offer, "the offeror is not liable for costs, prejudgment interest or attorney fees incurred by the offeree after the offer, and the offeree shall pay the offeror's costs incurred after the offer." *Id.* R. 68(b).

award of attorney fees.[2] *See Drezga,* 2009 UT 60, ¶ 32, 218 P.3d 598.

■ ¶ 7 Determining the prevailing party is often an imprecise process. Our courts have developed a "flexible and reasoned approach" for determining which party has emerged the "comparative winner." *Mountain States,* 783 P.2d at 557–58. It begins by identifying "the party in whose favor the 'net' judgment is entered." Id. at 556. The "net judgment rule" will usually be "at least a good starting point," but it should not be "mechanically applied." *Mountain States II,* 783 P.2d at 557. "This approach requires not only consideration of the significance of the net judgment in the case, but also looking at the amounts actually sought and then balancing them proportionally with what was recovered." *A.K. & R. Whipple Plumbing & Heating v. Aspen,* 2004 UT 47, ¶ 26, 94 P.3d 270 (internal quotation marks omitted). Consequently, "a party that makes an outrageous claim and then receives only a fraction of what it demanded"—though the net judgment winner—"will not likely be deemed the successful party." *J. Pochynok Co. v. Smedsrud,* 2005 UT 39, ¶ 20, 116 P.3d 353. *See generally id.* ¶¶ 3, 13 (vacating fee award and remanding for new determination based on adequate findings, but noting that "it is entirely possible" that defendant was the successful party where plaintiff was awarded only $7,076.56 on a claim of $81,269.91).

■ ¶ 8 The focus should be on "which party had attained a 'comparative victory,' considering what a total victory would have meant for each party and what a true draw would look like." *Id.* ¶ 11. For example, where a plaintiff sued for $30,000 and the defendant claimed to owe nothing, "[a] 'draw' would have been a decision dividing the $30,000 equally," *Mountain States,* 783 P.2d at 558, that is, a judgment in favor of plaintiff in the sum of $15,000. Similarly, in *Occidental/Nebraska Federal Savings Bank v. Mehr,* 791 P.2d 217 (Utah Ct.App.1990), defendants ordered to pay $7,339.44 on a $600,000

claim—slightly over 1%—were held to be the prevailing parties. *See id.* at 222. Where the defendant advances a counterclaim, the calculus changes. For example, in *A.K. & R. Whipple Plumbing & Heating v. Guy,* 2004 UT 47, 94 P.3d 270, the plaintiff was claiming roughly $13,000, the defendants were claiming roughly $25,000, and the defendants reaped a net recovery of $527. *See id.* ¶ 27. The trial court properly declared a "draw" and awarded no attorney fees. *See id.*

¶ 9 On appeal, Sellers contend that the trial court did not "conduct a common sense inquiry and balancing[,] failing to balance the amounts actually sought proportionately with what was recovered." They complain that the trial court "seems to have focused on the futility of the vigorous litigation process in light of the trivial amount recovered to determine that no party was genuinely successful."

¶ 10 The REPC mandated that "the prevailing party shall be entitled to costs and reasonable attorney fees." Sellers claimed to have prevailed based on Buyers' 3% recovery. Buyers claimed to have prevailed under the net recovery rule on the ground that they prevailed, at least in part, on two of eleven claims. They thus sought an award of two-elevenths of their attorney fees.

¶ 11 Citing the foregoing cases, the trial court declined to rigidly apply the net judgement rule and instead took a "flexible and reasoned approach." The court noted that "[Buyers] have prevailed on two very small items out of a total claim that has changed greatly over the course of the action, but that was between approximately $10,000 and $20,000 over the course of the case and the trial. In other words," it continued, "[Buyers] prevailed minimally, or perhaps they lost substantially." The court noted that after Buyers refused to move the case to small claims court and rejected Sellers' offer of judgment, "the parties conducted discovery, fought about discovery, fought more about discovery, and argued to the point where the

---

2. "Utah appellate courts have routinely used the terms 'successful party' and 'prevailing party' interchangeably." *A.K. & R. Whipple Plumbing & Heating v. Aspen,* 2004 UT 47, ¶ 19, 94 P.3d 270. Similarly, our courts have taken the same

approach whether the right to an award of attorney fees was based in contract or statute. *See id.* ¶¶ 16, 23; *Occidental/Nebraska Fed. Sav. Bank v. Mehr,* 791 P.2d 217, 221–22 (Utah Ct.App.1990).

Court ... ordered the parties to conduct depositions supervised by the Court." It further noted that "[t]his was a relatively simple case that could and should have been resolved in far fewer than four years and with far fewer fruitless activities. Plaintiffs only prevailed on vacuum hoses and sprinkler repairs for minimal amounts." "Ultimately," the court concluded, "the results of this case are a pyrrhic victory for both sides. Such a victory does not equate to genuine success or prevailing." Neither party prevailed, the Court concluded, "in the sense of being genuinely successful."

■ ¶ 12 To begin with, we agree with the trial court that a mechanistic application of the net judgment rule is unwarranted here. Furthermore, we recognize the court's apparent exasperation at what appears to be a regrettable waste of private and judicial resources. Nevertheless, "genuine success"—in the sense that the litigation ultimately proved worthwhile—is not the standard for determining the prevailing party for purposes of a fee award. None of our cases weigh the result achieved at trial against the sacrifice in time, trouble, and expense required to attain that result. *See, e.g., Larry J. Coet Chevrolet v. Labrum,* 2008 UT App 69, ¶ 23, 180 P.3d 765. When our cases speak of the "comparative winner," *Mountain States,* 783 P.2d 551, 558 (Utah Ct.App. 1989), the comparison is to the other party, not to the toll of the litigation process. Thus, we focus on "which party had attained a 'comparative victory,' considering what a total victory would have meant for each party and what a true draw would look like." *J. Pochynok Co. v. Smedsrud,* 2005 UT 39, ¶ 11, 116 P.3d 353. Comparative victory—not necessarily a shutout—is all that is required. *See Occidental/Nebraska Fed. Sav. Bank,* 791 P.2d 217 at 222 (holding that defendants prevailed in context of plaintiffs' $600,000 claim notwithstanding a $7,339.44 judgment against them).

¶ 13 Here, applying a flexible and reasoned approach, we conclude that Sellers were the comparative winners at trial and thus the prevailing parties for purposes of the attorney fee provision of the REPC. We follow the approach of *A.K. & R. Whipple Plumbing &*

*Heating v. Guy,* 2004 UT 47, 94 P.3d 270, considering "the amounts actually sought and then balancing them proportionally with what was recovered." *Id.* ¶ 26 (internal quotation marks omitted). Here, the amount actually sought at trial was $23,866.98. Buyers recovered $754.77. This represents a success rate of slightly over 3% for Buyers, whereas Sellers were almost 97% successful in defeating Buyers' claims at trial.

¶ 14 This lopsided result was not a draw. *See Mountain States,* 783 P.2d at 558 (describing a recovery of 50% of the amount claimed as a draw). On the contrary, Sellers were without question the comparative winner. However pyrrhic in a larger sense, "comparative victory," *Pochynok,* 2005 UT 39, ¶ 11, 116 P.3d 353, was theirs. Moreover, to the extent, if any, the larger costs of this case are relevant to the determination of the prevailing party, we note that Sellers made an offer of judgment for $5,000 before filing their answer. After twenty months of discovery and three and a half days of trial, Buyers recovered only 15% of this amount.

¶ 15 In sum, we conclude that Sellers were the prevailing parties and are entitled to attorney fees under the REPC. We therefore reverse and remand for the trial court to determine the amount of reasonable attorney fees. *See Cache Cnty. v. Beus,* 2005 UT App 503, ¶ 17, 128 P.3d 63.

■ ¶ 16 Finally, Sellers seek their fees on appeal. "[A] provision for payment of attorney[ ] fees in a contract includes attorney[ ] fees incurred by the prevailing party on appeal as well as at trial, if the action is brought to enforce the contract." *Management Servs. Corp. v. Development Assocs.,* 617 P.2d 406, 409 (Utah 1980). We therefore award attorney fees on appeal to Sellers.

## CONCLUSION

¶ 17 We conclude that the trial court exceeded its discretion in determining that neither party prevailed at trial. Because the trial court's ruling was so heavily in Sellers' favor, we conclude that Sellers were the prevailing parties. Accordingly, they are entitled under the contract to reasonable attorney fees at trial. In addition, because

Sellers prevailed on appeal, they are also entitled to their reasonable attorney fees on appeal. We therefore reverse and remand for the trial court to determine reasonable attorney fees at trial and on appeal.

¶ 18 WE CONCUR: WILLIAM A. THORNE JR. and STEPHEN L. ROTH, Judges.