**2017 UT App 71**

## THE UTAH COURT OF APPEALS

EXPRESS RECOVERY SERVICES INC.,
*Appellee,*
*v.*
DANIEL PAUL OLSON,
*Appellant.*

Opinion
No. 20151013-CA
Filed April 27, 2017

Third District Court, West Jordan Department
The Honorable Bruce C. Lubeck
No. 140415183

Grant D. Gilmore, Attorney for Appellant

Edwin B. Parry and Joshua R. Dunyon, Attorneys
for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Opinion, in which
JUDGES STEPHEN L. ROTH and MICHELE M. CHRISTIANSEN
concurred.

VOROS, Judge:

¶1    The principal question posed by this appeal concerns which party prevailed at trial and thus can claim the benefit of a contractual attorney fee provision. Express Recovery Services Inc., assignee of All Pro Appliance Service Inc., sued Daniel Paul Olson on a debt arising from an employment agreement between Olson and All Pro. Olson counterclaimed seeking a setoff (but no net damage award). Neither party proved its claims at trial. The trial court awarded no attorney fees, reasoning that neither party had prevailed. Olson contends on appeal that he prevailed at trial because he achieved his optimal outcome: zero recovery. We agree. We accordingly vacate the trial court's order declining

to award attorney fees and remand the case for a determination of a reasonable fee award.

## BACKGROUND

¶2    All Pro hired Olson as an appliance service technician in September 2011. The employment agreement contained a liquidated damages provision requiring Olson to reimburse All Pro for training costs if he was terminated within two years after he completed his training. Within the two-year period, All Pro and Olson parted company.

¶3    Hoping to recoup the training costs, All Pro assigned its rights under the employment agreement to Express Recovery, a debt collector. Express Recovery sued Olson for breach of contract, seeking $10,348.25 in damages for training costs and other amounts allegedly owed. Olson counterclaimed for breach of contract and unjust enrichment, seeking a setoff of approximately $1,600 for amounts allegedly owed. Olson did not, however, seek a net recovery.

¶4    After a bench trial, the court ruled that Express Recovery had failed to prove its breach of contract claim and that Olson had failed to prove his counterclaims. Both parties requested attorney fees under a provision in the employment agreement entitling the prevailing party to attorney fees and costs. The trial court denied attorney fees to both parties. Olson appeals, seeking attorney fees incurred in the trial court and on appeal.

## ISSUE AND STANDARDS OF REVIEW

¶5    Olson contends that the trial court abused its discretion when it failed to name him as the prevailing party. "'Whether attorney fees are recoverable in an action is a question of law, which we review for correctness.'" *Anderson & Karrenberg v. Warnick*, 2012 UT App 275, ¶ 8, 289 P.3d 600 (quoting *Valcarce v.*

*Fitzgerald*, 961 P.2d 305, 315 (Utah 1998) (plurality opinion)). We "review the trial court's determination as to who was the prevailing party under an abuse of discretion standard." *R.T. Nielson Co. v. Cook*, 2002 UT 11, ¶ 25, 40 P.3d 1119.

## ANALYSIS

¶6     Olson's main contention on appeal is that the trial court abused its discretion "when it failed to name [him] the prevailing party and award him his reasonable costs and attorney fees in accordance with the contract." Express Recovery responds that the trial court "did not abuse its discretion in determining that neither party prevailed."

¶7     The trial court ruled that "[w]hile the Employment Agreement contains a provision for attorney fees, . . . the court believes that each party acted in good faith herein and no attorney fees should be or are awarded to either party." The court concluded that "[n]either party prevailed and neither party breached improperly this original contract." Thus, the court ruled that "[n]either party is entitled to a money judgment," and "[e]ach party is to bear its own fees and costs."

¶8     "Attorney fees are generally recoverable in Utah only when authorized by statute or contract." *Reighard v. Yates*, 2012 UT 45, ¶ 41, 285 P.3d 1168 (citation and internal quotation marks omitted). "If the legal right to attorney fees is established by contract, Utah law clearly requires the court to apply the contractual attorney fee provision and to do so strictly in accordance with the contract's terms." *Hahnel v. Duchesne Land, LC*, 2013 UT App 150, ¶ 16, 305 P.3d 208 (citation and internal quotation marks omitted). "'Since the right is contractual, the court does not possess the same equitable discretion to deny attorney's fees that it has when fashioning equitable remedies, or applying a statute which allows the discretionary award of such fees.'" *Cobabe v. Crawford*, 780 P.2d 834, 836 (Utah Ct. App. 1989)

(quoting *Spinks v. Chevron Oil Co.*, 507 F.2d 216, 226 (5th Cir. 1975)).

¶9    Here, the trial court properly ruled that attorney fees were recoverable because "the Employment Agreement contains a provision for attorney fees." The dispute on appeal focuses on whether Olson qualified for a fee award as the prevailing party.

¶10    Utah courts generally apply a "common sense 'flexible and reasoned' approach . . . to the interpretation of contractual 'prevailing party' language." *A.K. & R. Whipple Plumbing & Heating v. Guy*, 2004 UT 47, ¶ 14, 94 P.3d 270 (quoting *Mountain States Broad. Co. v. Neale*, 783 P.2d 551, 556–57 & n.7 (Utah Ct. App. 1989)). This approach begins with the "net judgment rule," which provides that "the party in whose favor the 'net' judgment is entered must be considered the 'prevailing party' and is entitled to an award of its fees." *See Mountain States*, 783 P.2d at 557–58. While the "net judgment rule" is a starting point, the court should also consider "common sense factors in addition to the net judgment." *A.K. & R. Whipple*, 2004 UT 47, ¶¶ 26–28; *see also R.T. Nielson Co. v. Cook*, 2002 UT 11, ¶ 25, 40 P.3d 1119 (enumerating relevant factors). "'This approach requires not only consideration of the significance of the net judgment in the case, but also looking at the amounts actually sought and then balancing them proportionally with what was recovered.'" *Olsen v. Lund*, 2010 UT App 353, ¶ 7, 246 P.3d 521 (quoting *A.K. & R. Whipple*, 2004 UT 47, ¶ 26). Ultimately, "[t]he focus should be on 'which party had attained a comparative victory, considering what a total victory would have meant for each party and what a true draw would look like.'" *Id.* ¶ 8 (quoting *J. Pochynok Co. v. Smedsrud*, 2005 UT 39, ¶ 11, 116 P.3d 353 (additional internal quotation marks omitted)). "Comparative victory—not necessarily a shutout—is all that is required." *Id.* ¶ 12.

¶11    Furthermore, where the parties request attorney fees pursuant to a contract, only claims based on or related to that

contract figure into the prevailing-party analysis. *See Anderson & Karrenberg v. Warnick*, 2012 UT App 275, ¶ 16, 289 P.3d 600 (concluding that, while attorney fees related to a breach of contract claim were recoverable, those related to an unjust enrichment claim were not).

¶12 Olson argues that "[b]y any calculation, [he] is the prevailing party. [Express Recovery] brought multiple claims against [him] seeking over $10,000 in damages plus fees and interest and recovered nothing, a total loss. Conversely, [Olson] successfully defended against [Express Recovery's] claims and avoided a money judgment, a complete victory." Olson also argues that the fact that his counterclaim was unsuccessful is immaterial, because he "could not have realized a net gain regardless of the outcome." In other words, because his counterclaim was brought "for the limited purpose of an offset," his "maximum recovery was $0, which he realized."

¶13 Express Recovery responds that although it did not prevail on its claim against Olson, it did prevail on its defense against Olson's counterclaim. Express Recovery also argues that although Olson's counterclaim was an offset, "it is still a counterclaim and must be treated as such," and that "had Olson successfully brought his Counterclaims, the Trial Court would have likely awarded him his attorney fees."

¶14 First we consider the legal effect of Olson's counterclaim. Olson is correct that he could not have recovered a net damage award against Express Recovery. Although Express Recovery sued on an obligation, All Pro, not Express Recovery, was the obligee; Express Recovery sued as All Pro's assignee. Where the assignee of a claim sues the obligor, the obligor's claim against the assignor may offset the claim of the assignee only to the extent of the assignee's claim; the obligor must sue the assignor in a separate suit for the balance of the counterclaim. *See Chesney v. District Court of Salt Lake County*, 108 P.2d 514, 518 (Utah 1941). Thus, "the assignee cannot be subject to an affirmative judgment

for the surplus of the counterclaim or to another suit to recover the excess." *Id.* In other words, "'[t]he obligor on the note may assert setoffs against it or may have defenses that make the note uncollectible, but *the obligor cannot make affirmative claims for damages against the note assignee* based upon some tort or breach of contract by the original payee.'" *Winegar v. Froerer Corp.*, 813 P.2d 104, 109 (Utah 1991) (quoting *Murr v. Selag Corp.*, 747 P.2d 1302, 1309 (Idaho Ct. App. 1987)).[1]

---

1. Other courts have also recognized that the defendant cannot assert its claim against the assignor offensively to recover damages from the assignee, but only defensively, as a setoff, to reduce the amount of the assignee's recovery. *See, e.g.*, *Walters v. Iowa-Des Moines Nat'l Bank*, 295 N.W.2d 430, 434 (Iowa 1980) (concluding that a "counterclaim can be used against [the assignee] only defensively to reduce the amount of its claim against [the obligor]" and that "[i]t cannot result in a personal judgment against [the assignee]"); *Standard Insulation & Window Co. v. Dorrell*, 309 S.W.2d 701, 704 (Mo. Ct. App. 1958) ("It is well settled that in an action by an assignee, a claim in favor of defendant against the assignor can be allowed as a set-off, counterclaim, or reconvention only to the extent of the claim sued on, and judgment cannot be rendered against the assignee for the excess. Defendant is entitled to use his claim defensively, and not offensively . . . ." (citation and internal quotation marks omitted)); *Pargman v. Maguth*, 64 A.2d 456, 459 (N.J. Super. Ct. App. Div. 1949) ("No citations are necessary in support of the well settled doctrine, that recovery . . . on a counterclaim or setoff against an assignee, where based on a demand against the assignor, cannot be affirmative; it can be defensive only."); *Premier Capital, LLC v. Baker*, 972 N.E.2d 1125, 1136 (Ohio Ct. App. 2012) ("It is well settled that an assignment does not cast any affirmative liability upon the assignee of the contract unless the assignee assumes those obligations." (citation and internal quotation marks omitted)); *Litton ABS v. Red-Yellow Cab Co.*, 411 N.E.2d 808, 810 (Ohio Ct. App. 1978) ("In an action between the

(continued…)

¶15   So while "'[t]he assignee [stands] in the shoes of the assignor,'" *see, e.g.*, *Sunridge Dev. Corp. v. RB & G Engineering, Inc.*, 2010 UT 6, ¶ 13, 230 P.3d 1000 (alterations in original) (quoting 9 John E. Murray, Jr., *Corbin on Contracts* § 51.1 (rev. ed. 2007)), it does so only so far as the assigned claim is concerned, not to whatever extent recovery on the counterclaim of the obligor may exceed the assigned claim. Thus, for example, if a doctor assigns a medical bill to a collection agency, the patient may use their medical malpractice claim defensively to reduce the collection agency's recovery, but not offensively to recover a net damage award.[2]

¶16   Here, All Pro assigned its rights to sue Olson under the employment agreement to Express Recovery. Express Recovery, as assignee, brought suit against Olson for breach of contract, and Olson, as obligor, asserted a counterclaim for a setoff against Express Recovery. Olson explained below that his counterclaim was a "claim[] which could have been asserted against [All Pro] prior to the alleged assignment *and* [*did*] *not exceed the value of the assigned claims*." (Emphasis added.) As explained above, Olson could not as a matter of law have won a net damage award

(…continued)
obligor and the assignee the claims of breach of warranty or breach of contract are available only defensively; if the obligor seeks damages or restitution he must go directly against the assignor.").

2. Former rule 13(j) of the Utah Rules of Civil Procedure, which was in effect on the date that Olson filed his "counterclaim," recognized this distinction. *See* Utah R. Civ. P. 13(j) (repealed 2016) ("[A]ny claim, counterclaim, or cross-claim which could have been asserted against an assignor at the time of or before notice of such assignment, may be asserted against his assignee, to the extent that such claim, counterclaim, or cross-claim does not exceed recovery upon the claim of the assignee.").

against Express Recovery. *See Chesney*, 108 P.2d at 518. Thus, though styled as a counterclaim under former rule 13(j) of the Utah Rules of Civil Procedure, Olson's counterclaim was in fact nothing more than a setoff. "A 'setoff' is a counterclaim which a defendant may have against a plaintiff to be used in full or partial satisfaction of whatever is owed." *Mark VII Fin. Consultants Corp. v. Smedley*, 792 P.2d 130, 132 (Utah Ct. App. 1990) (citing *Studley v. Boylston Nat'l Bank*, 229 U.S. 523, 528 (1913)). The trial court recognized this, ruling explicitly that Olson's "counterclaim" was as a matter of law a setoff. Accordingly, we agree with Olson's contention that the maximum net recovery on his counterclaim against Express Recovery, as assignee, was $0. *See id.*

¶17    Turning now to the question of whether Olson prevailed at trial, we apply a flexible and reasoned approach, balancing the amounts sought by the parties against what they recovered. *See Olsen v. Lund*, 2010 UT App 353, ¶ 7, 246 P.3d 521. Express Recovery sought $10,348.25 at trial and recovered $0. Olson sought to pay nothing and paid nothing. True, Olson recovered nothing on his counterclaim, but that counterclaim served only as a setoff to reduce any recovery won by Express Recovery. Because Express Recovery won no recovery, Olson's counterclaim played no role in the ultimate judgment. Thus, despite the complete failure of his counterclaim, Olson achieved his optimal trial outcome. Although a "[c]omparative victory— not necessarily a shutout—is all that is required," *see id.* ¶ 12, Olson did achieve a shutout.

¶18    The trial court denied attorney fees to both parties on the ground that "the court believes that each party acted in good faith herein." Under the bad faith fee statute, "the court shall award reasonable attorney fees to a prevailing party if the court determines that the action or defense to the action was without merit and not brought or asserted in good faith . . . ." Utah Code Ann. § 78B-5-825 (LexisNexis 2008). However, Olson did not seek an award of fees under the statute, but under a contractual

fee provision. "If the legal right to attorney fees is established by contract, Utah law clearly requires the court to apply the contractual attorney fee provision and to do so strictly in accordance with the contract's terms." *Hahnel v. Duchesne Land, LC*, 2013 UT App 150, ¶ 16, 305 P.3d 208 (citation and internal quotation marks omitted). Accordingly, Olson's entitlement to a fee award did not depend on a showing that Express Recovery's action was not asserted in good faith.

¶19   In sum, we conclude that the trial court exceeded its discretion in determining that neither party was the prevailing party. Accordingly, we vacate the order denying Olson attorney fees and remand for the trial court to determine a reasonable attorney fee for Olson under the relevant legal factors. *See Griffin v. Cutler*, 2014 UT App 251, ¶ 26, 339 P.3d 100 (citing *Dixie State Bank v. Bracken*, 764 P.2d 985, 990 (Utah 1988)).

¶20   Finally, we consider the parties' requests for attorney fees on appeal. "[W]e interpret the contractual provision allowing attorney fees in connection with litigation to include appeals." *Cobabe v. Crawford*, 780 P.2d 834, 837 (Utah Ct. App. 1989) (citation and internal quotation marks omitted). Moreover, the employment agreement in this case explicitly entitles the prevailing party to "reasonable attorneys' fees and costs including those incurred on appeal." Thus, as the prevailing party on appeal, Olson's attorney fee award on remand should include reasonable attorney fees he incurred on appeal.

CONCLUSION

¶21   For the foregoing reasons, we vacate the order denying Olson attorney fees at trial, and we remand the case for the trial court to determine Olson's reasonable fees incurred both in the trial court and on appeal.

_____