2021 UT App 38

# THE UTAH COURT OF APPEALS

DARWIN C. FISHER, CHERYL FISHER, DAVID FISHER,
AND OFFICE MANAGEMENT CONSULTANTS LC,
Appellants,

*v.*

LAVERN DAVIDHIZAR,
Appellee.

Opinion
No. 20190769-CA
Filed April 1, 2021

Fifth District Court, St. George Department
The Honorable Wallace A. Lee
No. 020500856

Emily Adams, Freyja Johnson, and Cherise Bacalski,
Attorneys for Appellants

Duane L. Ostler, Attorney for Appellee

JUDGE DIANA HAGEN authored this Opinion, in which JUDGES
MICHELE M. CHRISTIANSEN FORSTER and DAVID N. MORTENSEN
concurred.

HAGEN, Judge:

¶1 This is the third appeal arising from a 2001 business dispute. In an attempt to resolve that dispute, David Fisher (David) and Lavern Davidhizar (Lavern) entered into a settlement agreement.[1] When Lavern later disavowed the agreement, David sued him for breach of contract. In response, Lavern alleged, both as an affirmative defense to the contract

---

1. Because this case involves multiple parties with similar names, we refer to David Fisher as "David" and Lavern Davidhizar as "Lavern," intending no disrespect by the apparent informality.

claim and as a counterclaim for damages against David, that David had fraudulently induced him to enter the settlement agreement. The district court initially granted summary judgment in favor of David on his breach of contract claim, awarded damages, and dismissed Lavern's counterclaims. Lavern appealed, and in *Fisher v. Davidhizar* (*Fisher I*), 2011 UT App 270, 263 P.3d 440, this court reversed and remanded for trial on Lavern's fraudulent inducement claim.

¶2     In the meantime, David had declared bankruptcy and his parents, Darwin and Cheryl Fisher (the Fishers), had purchased his claims from the bankruptcy estate. At trial, a jury found that David had fraudulently induced Lavern to enter the settlement agreement, and it awarded damages to Lavern. Reasoning that by purchasing David's claims the Fishers had also assumed liability for the counterclaim, the district court entered judgment against the Fishers for the damages awarded on Lavern's counterclaim, together with attorney fees. David was not named as a judgment debtor. This time the Fishers appealed, and in *Fisher v. Davidhizar* (*Fisher II*), 2018 UT App 153, 436 P.3d 123, this court reversed, holding that the Fishers did not assume liability for Lavern's counterclaim. We vacated the fraud damages award against the Fishers and remanded to the district court to determine whether Lavern was still entitled to an attorney fees award against the Fishers as the prevailing party. David was not a party to *Fisher II*.

¶3     On remand, the district court ruled that Lavern was still the prevailing party as to the Fishers. The court entered an amended judgment that not only assessed attorney fees against the Fishers but also added David as a judgment debtor on the counterclaim. The Fishers and David now appeal the amended judgment. We conclude that the authority cited by the district court did not allow it to add David to the judgment on remand. However, the district court correctly ruled that Lavern was the

prevailing party as to the Fishers. Accordingly, we reverse in part and affirm in part.

BACKGROUND

¶4     David and his business partner owned and operated Office Management Consultants LC (OMC), which leased tables to medical providers for use in treating disc decompression. In 2001, Lavern contributed $100,000 to help OMC finance two tables, but a dispute arose over whether Lavern had a partnership interest in the tables. Through David, OMC and Lavern entered into a settlement agreement to resolve the dispute. The settlement agreement "transferred ownership of OMC, the tables, and some of OMC's assets to [Lavern] in return for [Lavern] assuming OMC's debt and certain other financial obligations." *Fisher I*, 2011 UT App 270, ¶ 2, 263 P.3d 440.

¶5     Shortly thereafter, Lavern terminated the settlement agreement, and David sued him for breach of contract. Lavern did not dispute that he had breached the settlement agreement but asserted as an affirmative defense that his breach was justified by David's fraudulent behavior. Specifically, he claimed that David had induced him to enter into the settlement agreement by making misrepresentations about the amount of income generated by the tables under contract and the status of those client accounts. In addition to raising fraudulent inducement as an affirmative defense, Lavern brought counterclaims against David, seeking damages for fraud, fraudulent inducement, and negligent misrepresentation (collectively, Lavern's fraud claims).

¶6     David filed a motion for summary judgment on his breach of contract claim, which the district court granted, reserving the issue of damages for a bench trial. The court also dismissed Lavern's fraud claims for failure to plead them with particularity. At the bench trial, the court awarded over $800,000

in damages to David on his breach of contract claim. Lavern appealed. We reversed the district court's dismissal of Lavern's fraud claims and vacated its judgment and damages award. *See id.* ¶ 12.

¶7    Before the district court set the matter for trial on remand, David filed for bankruptcy. The Fishers purchased "David's interest in any proceeds from the lawsuit" from the bankruptcy estate. The Fishers were then substituted as plaintiffs in this case, leaving David as the only named counter-defendant. Lavern filed a motion to clarify the Fishers' liability; the district court ruled that the Fishers' "agreement conveyed David's entire legal share in the present case," which included David's "liabilities and risks."

¶8    The case proceeded to trial on Lavern's fraud claims. The jury was instructed that the court had already determined Lavern had breached the settlement agreement and the amount of damages incurred. The court asked the jury to determine whether Lavern had been induced to enter into the settlement agreement by fraud, fraudulent inducement, or negligent misrepresentation. The jury found by clear and convincing evidence that David "committed fraud on Lavern," that Lavern was entitled to economic damages in the amount of $78,600, and that "Lavern should be excused from any contract damages on the basis of [f]raudulent [i]nducement" as well as "negligent misrepresentation."

¶9    Following the jury verdict, the court entered a judgment, which stated in relevant part:

> 1.  The [settlement agreement] is rescinded/void.
>
> 2.  [Lavern] is excused from any damages on Plaintiff's contract claims, and therefore Plaintiff's claims against [Lavern] are dismissed with prejudice as a matter of law.

3. Judgment is entered in favor of Lavern Davidhizar jointly and severally against [the Fishers], and [OMC] in the amount of $78,600 on [Lavern's] counterclaim for fraud, together with reasonable attorney fees [and costs].

4. This Judgment represents the final judgment in this case.

¶10   The Fishers appealed, contending that the district court erred in holding them liable on Lavern's counterclaim. David was not a party to *Fisher II*, and Lavern did not cross-appeal. We reversed, concluding that the Fishers did not assume liability for the counterclaim when they purchased David's claims from the bankruptcy estate. *See Fisher II*, 2018 UT App 153, ¶ 18, 436 P.3d 123. We then remanded to the district court "for the limited purpose of determining if either party is entitled to attorney fees as the prevailing party." *Id.* ¶ 22.

¶11   On remand from *Fisher II*, the district court found Lavern was the prevailing party as to the Fishers. The court found that "on the breach of contract claim and damages, there was a draw." But the court declined to "isolate only [Lavern and the Fishers] to determine the prevailing party" and instead proceeded to "consider the case in its entirety," including Lavern's counterclaim against David. After considering the net judgment rule, various "common sense factors," and which party obtained a "comparative victory," the district court ruled that Lavern was the prevailing party and awarded attorney fees against the Fishers.

¶12   The district court entered an amended judgment, which reflected the attorney fee award.[2] But the amended judgment

_____

2. The district court entered an amended judgment and a second amended judgment on the same day. Because the two judgments

(continued…)

also added David as a judgment debtor on the fraud counterclaim, even though no motion had been filed seeking such relief. The amended judgment stated that it was entered (1) pursuant to rule 54(e) of the Utah Rules of Civil Procedure; (2) as a result of the decision in *Fisher II*, which "modified . . . the prior judgment, to remove liability of [the Fishers] for the . . . counterclaim"; and (3) to "correct[] a clerical error," presumably under rule 60(a) of the Utah Rules of Civil Procedure, whereby David was "inadvertently" not named in the original judgment.

¶13    David moved to set aside the judgment against him, arguing that the court had impermissibly entered the amended judgment before the seven-day objection period had passed and that neither rule 54(e) nor rule 60(a) gave the court authority to amend the judgment to add him as a judgment debtor. The court denied that motion, referencing rule 61 of the Utah Rules of Civil Procedure and concluding that any error was harmless.

ISSUES AND STANDARDS OF REVIEW

¶14    David and the Fishers appeal, challenging the district court's denial of David's motion to set aside the amended judgment, the court's ruling that Lavern was the prevailing party as to the Fishers, and the sufficiency of the evidence supporting the damages awarded on Lavern's counterclaim.

¶15    We first address whether the authority invoked by the district court on remand allowed it to add David as a judgment debtor. "We review the district court's determination on jurisdictional issues for correctness, giving no deference to the

_____

(…continued)
bear no material difference, we refer to them as a single amended judgment.

district court's decision." *Mardanlou v. Ghaffarian*, 2015 UT App 128, ¶ 15, 351 P.3d 114.

¶16 Next, we address the district court's ruling that Lavern was the prevailing party as to the Fishers. We review a district court's determination of which party prevailed "under an abuse of discretion standard." *See Olsen v. Lund*, 2010 UT App 353, ¶ 5, 246 P.3d 521 (cleaned up).

¶17 Because we vacate the judgment against David and do not consider the counterclaim as part of the prevailing party analysis, we need not reach the sufficiency argument to resolve this appeal.

## ANALYSIS

### I. Authority to Amend the Judgment

¶18 David contends that the district court lacked authority to add him to the judgment. Because the authority invoked by the court did not allow such an amendment, we vacate the amended judgment as to David.

¶19 "The initial inquiry of any court should always be to determine whether the requested action is within its jurisdiction." *Robertson v. Stevens*, 2020 UT App 29, ¶ 5, 461 P.3d 323 (cleaned up). Until "a final judgment is entered, district courts have broad discretion to reconsider and modify interlocutory rulings." *Little Cottonwood Tanner Ditch Co. v. Sandy City*, 2016 UT 45, ¶ 17, 387 P.3d 978. "But after a judgment is entered, the district court's power to modify the judgment is limited." *Id.*

¶20 Those limits on judicial authority are treated as "jurisdictional." *State v. Boyden*, 2019 UT 11, ¶¶ 39–41, 441 P.3d 737. In this context, the term "jurisdiction" is used to refer not

"to constitutional limits on judicial authority," but "to the principles, developed via rule-making procedures or embedded in our case law, through which we regulate the proceedings that take place in our courts." *Id.* ¶ 40. Because that jurisdictional principle is not of constitutional origin, "it is subject to overrides or exceptions set forth in our case law and in our rules of procedure." *Id.* ¶ 41 (cleaned up). Those exceptions include the district court's authority to hear motions validly brought under rules 54 and 60 of the Utah Rules of Civil Procedure. *See, generally Kell v. State,* 2012 UT 25, ¶ 21, 285 P.3d 1133; *Boyden,* 2019 UT 11, ¶¶ 38–42; *Dairy Distrib., Inc. v. Local Union 976*, 396 P.2d 47, 48 (Utah 1964). But unless the court has been granted such jurisdictional authority, the district court cannot amend a final judgment to "repair its own lapses and omissions to do what it could legally and properly have done" in the first instance. *See Mardanlou v. Ghaffarian*, 2015 UT App 128, ¶ 16, 351 P.3d 114 (cleaned up).

¶21    In entering the amended judgment, the district court appeared to rely on three potential sources of judicial authority. First, the court expressly cited rule 54(e) of the Utah Rules of Civil Procedure, which allows the court to enter an amended judgment to include costs and attorney fees. Second, the court appeared to invoke rule 60(a) by stating that the amended judgment "corrects a clerical error from the original judgment, inasmuch as David Fisher as a counterclaim defendant was inadvertently not named in that judgment." Finally, the court referred to the opinion in *Fisher II*, stating that the amended judgment reflects that *Fisher II* "modified a . . . portion of the prior judgment to remove liability of [the Fishers] for the $78,600.00 fraud to Lavern under his counterclaim." None of these justifications gave the court authority to amend the final judgment to add David as a judgment debtor.

¶22    First, rule 54(e) does not allow the court to add David as a judgment debtor. That rule states:

> If the court awards costs under paragraph (d) or attorney fees under Rule 73 after the judgment is entered, the prevailing party must file and serve an amended judgment including the costs or attorney fees. The court will enter the amended judgment unless another party objects within 7 days after the amended judgment is filed.

Utah R. Civ. P. 54(e). The plain language of rule 54(e) does not allow for changes to the judgment beyond the addition of costs and attorney fees. On appeal, Lavern does not argue otherwise.

¶23 Second, the parties agree that omitting David from the original judgment was not the result of "a clerical mistake or a mistake arising from oversight or omission" as required to invoke rule 60(a). "A clerical error is one made in recording a judgment that results in the entry of a judgment which does not conform to the actual intention of the court." *Thomas A. Paulsen Co. v. Industrial Comm'n*, 770 P.2d 125, 130 (Utah 1989). "On the other hand, a judicial error is one made in rendering the judgment and results in a substantively incorrect judgment." *Id.* Here, the district court entered judgment against the Fishers on Lavern's counterclaim, but not against David, because it had previously ruled that the Fishers had acquired "David's entire legal share in the present case," which included David's "liabilities and risks." Thus, the court ruled that the Fishers were "subject to all valid defenses and counterclaims that could have been asserted against David." Omitting David from the judgment was not a clerical error; it was the court's intention. Thus, rule 60(a) does not apply.

¶24 Finally, our limited remand in *Fisher II* did not permit the court to modify the final judgment to add David as a judgment debtor. Utah courts have "long recognized [the] branch of the law of the case doctrine known as the mandate rule." *Utah Dep't of Transp. v. Ivers*, 2009 UT 56, ¶ 12, 218 P.3d 583. "The mandate

rule binds both the district court and the parties to honor the mandate of the appellate court." *Id.* (cleaned up). In *Fisher II*, we remanded the case to the district court "for the limited purpose of determining if either party is entitled to attorney fees as the prevailing party." 2018 UT App 153, ¶ 22, 436 P.3d 123. The mandate did not direct the court to take any action with respect to David, as he was not a party to the *Fisher II* appeal. And, although rule 60(b)(5) of the Utah Rules of Civil Procedure allows a court to "relieve a party or its legal representative from a judgment" when "a prior judgment upon which it is based has been reversed or vacated," it does not allow the court to award additional affirmative relief. *See, e.g., Fireside Bank v. Askins*, 460 P.3d 157, 162 (Wash. 2020) ("Rule 60(b) is available only to set aside a prior judgment or order; courts may not use Rule 60(b) to grant affirmative relief in addition to the relief contained in the prior order or judgment." (cleaned up)); *State ex rel. City of Marion v. Alber*, 2018 ND 267, ¶ 4, 920 N.W.2d 739 ("Rule 60(b)(6) does not grant the district court power to impose further affirmative relief in addition to that already contained in the prior judgment, but only to set aside a prior judgment." (cleaned up)).

¶25    On appeal, Lavern does not advance any of the above justifications. Instead, he asserts that the district court had authority to add David as a judgment debtor under rule 54(b), which provides:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties, and may be changed at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Utah R. Civ. P. 54(b). Lavern does not explain how this rule applies, but seems to suggest that because the district court had not previously entered a final judgment, it was at liberty to enter an amended judgment at any time. *See Mardanlou v. Ghaffarian*, 2015 UT App 128, ¶ 16, 351 P.3d 114 ("A district court is free to reassess its decision at any point prior to entry of a final order or judgment." (cleaned up)). This argument runs headlong into the law of the case doctrine.

¶26   In *Fisher II*, neither party challenged this court's jurisdiction to entertain the appeal. "As a general rule, an appellate court does not have jurisdiction to consider an appeal unless the appeal is taken from a final order or judgment that ends the controversy between the litigants." *See Copper Hills Custom Homes, LLC v. Countrywide Bank, FSB*, 2018 UT 56, ¶ 10, 428 P.3d 1133 (cleaned up). One exception to the final judgment rule is an appeal brought under rule 54(b). *Id.* ¶ 15. To invoke this exception, the district court must enter a proper rule 54(b) certification order. *Id*. ¶ 16. No such certification was entered in *Fisher II*. Instead, both parties treated the judgment at issue as a final judgment that adjudicated all claims and the rights and liabilities of all parties. *See* Utah R. Civ. P. 54(a). Indeed, the judgment itself indicated that it "represent[ed] the final judgment in this case." Further, "in assuming jurisdiction and reviewing the judgment appealed from, and in deciding the questions of law presented on the merits, we necessarily held and adjudicated that the judgment so appealed from was final and appealable." *See Grand Central Mining Co. v. Mammoth Mining Co.*, 104 P. 573, 576 (Utah 1909). That "adjudication became the law of the case, from which neither we nor the litigants can depart on a second appeal, or on any subsequent proceedings had in the case." *Id*. As a result, adding David to the amended judgment cannot be justified by the legal fiction that *Fisher II* was not an appeal from a final judgment.

¶27 Alternatively, Lavern contends that the district court had authority to enter the amended judgment under rule 61, which directs the court to "disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Utah R. Civ. P. 61. The court cited rule 61 as the basis for denying David's motion to set aside the amended judgment, reasoning that the amended judgment "does not affect the substantial rights of the parties because those rights have already been adjudicated and determined." But that ruling skipped over a key step in the analysis. The court addressed whether there were grounds for relieving David from the amended judgment under rule 60(b) when it should have addressed whether it had authority to enter the amended judgment in the first place. Nothing in the language of rule 61 or in our case law suggests that rule 61 can be used as a vehicle to amend a judgment to grant new affirmative relief. Once it entered a final judgment, the court could not "repair its own lapses" without properly invoking jurisdictional authority to do so. *See Mardanlou*, 2015 UT App 128, ¶ 16 (cleaned up).

¶28 Because the district court invoked no authority that would allow it to alter a final judgment to add a new judgment debtor, we vacate the amended judgment as to David.

## II. Attorney Fees

¶29 The Fishers challenge the district court's ruling that, as between Lavern and the Fishers, Lavern was the prevailing party. In particular, the Fishers contend that the court should not have considered Lavern's victory over David as part of the prevailing party analysis. If the counterclaim is excluded from the analysis, the Fishers argue that "the case is a draw" because "the Fishers had no liability for the [fraud] claim, just as Lavern had no liability on the breach of contract claim." In other words, they both "successfully defended against the others' [claims] but were unsuccessful in recovering any monetary damages against

the other." We agree with the Fishers in principle that the district court should not have considered Lavern's counterclaim against David in determining whether Lavern was the prevailing party vis-à-vis the Fishers, but we nonetheless affirm the district court's ruling.

¶30 Cases where attorney fees may be awarded to the prevailing party based on a contractual provision fall into two categories—those where deciding the prevailing party is "simple" and those where a "simple analysis cannot be employed." *See Mountain States Broad. Co. v. Neale*, 783 P.2d 551, 555–56 (Utah Ct. App. 1989). Our case law typically concerns the latter, "where opposing parties obtain mixed results." *Neff v. Neff*, 2011 UT 6, ¶ 63, 247 P.3d 380; *see generally A.K. & R. Whipple Plumbing & Heating v. Guy*, 2004 UT 47, 94 P.3d 270; *R.T. Nielson Co. v. Cook*, 2002 UT 11, 40 P.3d 1119; *Express Recovery Services Inc. v. Olson*, 2017 UT App 71, 397 P.3d 792; *Olsen v. Lund*, 2010 UT App 353, 246 P.3d 521; *Neale*, 783 at 555–56. In such cases, Utah courts apply a "common sense flexible and reasoned approach" to determine which party, if any, is the prevailing party. *See A.K. & R. Whipple Plumbing & Heating*, 2004 UT 47, ¶ 14 (cleaned up). Under that approach, the court not only considers which party obtained the net judgment, but also applies several "common sense factors." *Id.* ¶¶ 26–28; *see also R.T. Nielson*, 2002 UT 11, ¶ 25 (enumerating relevant factors). The focus is on "which party had attained a comparative victory, considering what a total victory would have meant for each party and what a true draw would look like." *Lund*, 2010 UT App 353, ¶ 8 (cleaned up).

¶31 In other cases, "determining the prevailing party for purposes of awarding fees can oftentimes be quite simple." *R.T. Nielson*, 2002 UT 11, ¶ 23 (cleaned up). For instance, when "a plaintiff sues for money damages, and plaintiff wins, plaintiff is the prevailing party; if defendant successfully defends and avoids adverse judgment, defendant has prevailed." *Id.* We

sometimes refer to such cases as shutouts. *See Express Recovery*, 2017 UT App 71, ¶ 10. When one party obtains a shutout, there is no need to assess which party obtained a "comparative victory." *Id.*

¶32    Here, the district court engaged in the multi-factored, common-sense analysis and concluded that Lavern obtained the "comparative victory." In so doing, the court considered Lavern's successful counterclaim against David and the damages the jury awarded on that counterclaim.

¶33    But Lavern sought attorney fees against the Fishers, not against David.[3] The Fishers were parties only to the breach of contract claim, which Lavern successfully defended in its entirety. After the jury found that Lavern had been fraudulently induced to enter into the settlement agreement, the court entered judgment reflecting that the contract was "rescinded/void," that Lavern was "excused of any damages on [the Fishers'] contract claims," and that the Fishers' "claims against [Lavern were] dismissed with prejudice."

¶34    When determining that the breach of contract claim was "a draw," the district court appeared to rely on its summary judgment ruling that Lavern had breached the contract and was liable for damages. But that victory was temporary. In *Fisher I*, this court vacated the judgment and remanded for trial on Lavern's affirmative defense and counterclaims. 2011 UT App

---

3. The Fishers have not argued that the district court erred in failing to apportion the attorney fees award between the Fishers and David. As a practical matter, it may have been impossible to segregate the attorney fees expended in defending against the Fishers' claims and those expended in proving David's liability because the fraudulent inducement defense and the fraud counterclaims were inextricably intertwined.

270, 263 P.3d 440. An affirmative defense, if proved, "will defeat the plaintiff's claim." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civ. § 1270 (3d ed. 2020). At trial, Lavern prevailed on his fraudulent inducement defense and defeated the Fishers' contract claim.

¶35   As to the Fishers, this was a simple case in which they sued for money damages on a single claim for breach of contract, and Lavern successfully defended that claim and avoided an adverse judgment. *See R.T. Nielson*, 2002 UT 11, ¶ 23. Under these circumstances, the breach of contract claim between the Fishers and Lavern was not "a draw." To the contrary, Lavern achieved a shutout on the only claim relevant to whether he prevailed against the Fishers. And, on that basis, we affirm the court's ruling that Lavern was the prevailing party vis-à-vis the Fishers.

## CONCLUSION

¶36   The district court did not rely on any valid authority to add David as a judgment debtor on remand. Consequently, we vacate the amended judgment as to David. But the court correctly concluded that Lavern was the prevailing party as to the Fishers and we affirm the court's attorney fees award.

¶37   We reverse in part, vacating the amended judgment against David, and affirm in part, upholding Lavern's award of attorney fees against the Fishers.

————————